# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                    Criminal Case No: 2:13cr9

RICHARD MAURICE HADDIX, JR.,
        Defendant.

## OPINION/ ORDER CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Richard Maurice Haddix, Jr., in person and by counsel, L. Richard Walker, appeared before me on May 1, 2013. The Government appeared by Stephen D. Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to a One-Count Information. The Court then reviewed the Information with Defendant. The Court also reviewed with Defendant the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge, which is imprisonment for a term of not more than twenty (20) years; a fine of not more than $250,000; and up to three (3) years of supervised release; as well as a special assessment of $100.00 for the felony conviction payable at the time of sentencing. The Court also advised Defendant of the mandatory restitution for the offense.

The Court then determined that Defendant's plea was pursuant to a written plea agreement and asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the Government's summary of the Plea Agreement as amended was correct. The Court

ORDERED the written Plea Agreement filed.

The Court next inquired of Defendant regarding his understanding of his right to have an Article III Judge hear and accept his plea and his willingness to waive that right, and instead have a Magistrate Judge hear and accept his plea. Thereupon, the Court inquired of Defendant concerning understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waivers of Article III Judge and consent to enter guilty plea before a Magistrate Judge were freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Richard Maurice Haddix, Jr., only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The Court continued with the proceeding by inquiring of Defendant relative to his knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. After which Defendant and his counsel verbally acknowledged their understanding and Defendant, under

oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned reviewed [read] with Defendant the One-Count Information charging him with wire fraud, in violation of Title 18, United States Code, Section 1343, and the elements the United States would have to prove to convict her of that offense.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on February 19, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Order, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appeal rights as contained in his written

plea agreement as follows:

Ct: Did you and Mr. Walker discuss, and did you understand from that discussion, that you have a right to appeal your conviction and any sentence to the Fourth Circuit Court of Appeals within 14 days of the District Judge's oral announcement of the sentence against you?

Def: Yes, your Honor.

Ct: Did you and Mr. Walker discuss, and did you understand from that discussion, that you may collaterally attack or challenge the sentence and how that sentence is being carried out– executed– by filing a writ of habeas corpus-type motion under 28 USC section 2255?

Def: Yes, your Honor.

Ct: Did you understand–did you discuss with Mr. Walker, and did you understand from that discussion– that under paragraph 14 of your written plea agreement, if the District Judge's actual sentence is the same as or equal to a guideline sentence which has an adjusted guideline level of 13 or lower, then you give up your right to directly appeal your sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence by using a writ of habeas corpus filed under 28 USC section 2255?

Def: Yes, your Honor.

Ct: Did you read and fully understand paragraph 14 of your written plea agreement before you signed it?

Def: Yes, your Honor.

Ct: And you understood that by signing it you were waiving – giving up – the rights of direct appeal and collateral attack as set forth in that paragraph?

Def: Yes, your Honor.

Through this colloquy the Court determined Defendant understood his direct appeal and collateral attack rights and voluntarily gave them up pursuant to the written plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The Court then inquired whether the current written plea agreement was the only agreement offered to Defendant, to which the AUSA appearing advised that it was. Counsel for Defendant agreed that it was the only written offer made to Defendant, although it had been negotiated prior to being put in writing.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with any of the recommendations contained in the written agreement. The

undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have her plea of guilty accepted.

The Court then reviewed the stipulations contained in the written plea agreement and determined the parties understood the Court is not bound by the stipulations. Defendant understood and agreed that, should the Court not accept any or all of the stipulations he will not be permitted to withdraw his guilty plea. Defendant understood that the parties had stipulated that the loss is $102,260.00, and restitution is mandatory. He also agreed and understood that if he was financially able to do so prior to the sentencing hearing, he shall pay part or all of the restitution at that time; however, if any part of the restitution obligation is not paid on or before the date of sentencing, Defendant agreed that payment of said restitution would be made a provision of the Judgment and Commitment Order entered by the Court.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Richard Maurice Haddix, Jr., in the presence of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

Ordinarily, at this point in the Rule 11 hearing, the Court would hear the testimony of a witness to provide an independent basis in fact concerning each of the essential elements of such

offense. In this case, however, the parties agreed to allow the independent basis to be provided by proffer of the AUSA, because the intended witness is located out of state and the U.S. Attorney's Office was not permitted to provide funds for travel due to the current sequestration. Defendant voluntarily consented to this procedure based on both parties' cooperation in scheduling this hearing.

The AUSA first advised he had five exhibits, which the Court admitted without objection. He also incorporated the first four paragraphs of the Information into the proffer, without objection. The AUSA then proffered that Defendant's employer, Megacorp Logistics ("Megacorp"), operates as a transportation management firm, brokering transportation arrangements and contracts with truckers and trucking companies with clients needing transportation of goods. Defendant was a broker with the firm in its Elkins, WV office. As such, he used a software system for the purpose of establishing contracts between the customers and truckers. The brokers could advance funds to the truckers using Comdata, which has a system of ATM machines and banks the truckers can use to access funds wired to them. Comdata is connected to the internet.

The Chief Financial Officer ("CFO") of Megacorp contacted the Elkins Chief of Police to report that funds had been diverted from the company. Government Exhibit 1 is the affidavit of the CFO, stating that in his opinion, Defendant had diverted $102,260.00 while employed as a broker. The money was diverted to a bank in Utah. The AUSA offered bank statements from the TAB Bank in Utah, including Exhibit 2, which was a January 2012, statement of Defendant's account using his Elkins address. It indicated there were 230 electronic deposits. In particular, regarding the Information, a deposit was made on January 3, 2012, for $600.00.

The Financial Director report (Exhibit 4) explains the VTMS software and the way Defendant manipulated it to issue cash advances to himself. The AUSA also had a copy of a

7

Comdata check dated January 1, 2012, for $600.00. All the deposits were wired from Elkins, WV to the Utah Bank Account. Exhibit 5 is an Order granting Summary Judgment from a previous civil suit in this matter, in which Defendant admitted to diverting the $102,260.00 from Megacorp. The AUSA proffered that the CEO of Megacorp believed Defendant may have had a prescription drug problem during the time at issue, and wished him well.

Defendant, through counsel, stated that the proffer was an accurate summary of how the offense occurred, adding only that the Comdata checks were created using the internet, but then were transmitted via telephone, finally being cashed via the internet. He advised, as stated in the proffer, that Defendant did admit to the fraud and agreed to the restitution, and had always been in agreement with the facts as stated by the AUSA. He admitted he had been addicted to prescription pain medication, and stated he was in full recovery, having quit their use in February 2012. From the proffer, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to proceed by Indictment and freely and voluntarily waived that right and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by the AUSA's proffer, which provides,

beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the Information and recommends he be adjudged guilty on said charge as contained in the Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to an order setting conditions of release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

ENTER:   May 2, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE